## *EX PARTE* ROUNTREE, *IN RE* MOORE v. ROUNTREE.

1. APPEAL—ATTACHMENT—LIEN WARRANT—FINDING OF FACT—SUPREME COURT.—This Court cannot review the findings of fact by a Circuit Judge in a motion to set aside an attachment under a lien warrant.

2. AGRICULTURAL SUPPLIES—LIEN WARRANT—MINOR—MOTION.—Whether an infant can enter into a contract for agricultural supplies involves the merits, and cannot be decided by a Circuit Judge on a motion to vacate an attachment under a lien warrant.

3. APPEAL—SUPREME COURT.—This Court will not consider a ground for dissolving an attachment which is not shown by the "Case" to have been presented to the trial Judge.

Before TOWNSEND, J., Barnwell, October, 1899. Affirmed.

Motion by Earl S. Rountree, by his guardian *ad litem,* C. A. Best, to set aside attachment under lien warrant in W. W. Moore against Earl S. Rountree. Defendant, petitioner, appeals.

*Messrs. Davis & Best,* for appellant, cite: *Minor cannot make such contract:* Rev. Stat., 2514; 3 S. C., 46; 20 S. C., 1; 34 S. C., 234; 62 N. W., 369; 32 Mich., 30; 42 N. E., 647; 38 Am. R., 690. *Minor could not be required to return advances, they being consumed:* 56 Am. R., 38.

*Messrs. Bates & Simms,* contra, cite: *Infant can make contract for necessaries:* 9 S. C., 55; 11 S. C., 412; 27 S. C., 300; 2 Hill Ch., 541; 4 McC., 241; 29 S. C., 414.

March 24, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. In January, 1899, an agreement was entered into between the appellant and the respondent, by which the respondent bound himself to make advances to the appellant to the extent of $50 for agricultural purposes, and the appellant gave a lien on the crops to secure payment for said advances. In September, 1899, a bale of cotton belonging to the appellant was seized under a warrant to enforce payment of said lien, issued by a magistrate, on the ground that the said Rountree was disposing of his crops unlawfully. W. W. Moore executed a bond when the warrant was issued, with N. G. W. Walker as surety. The appellant's attorneys gave notice that they would make a motion before his Honor, Judge Townsend, at chambers, to vacate the said warrant and proceedings thereunder. The notice stated that the motion would be made upon the papers thereto annexed, but did not state the grounds upon which it would be made. It is incidentally mentioned in the affidavit that the bond is absolutely worthless and that the surety is insol-

vent. The Circuit Judge, in the short order which he signed refusing the motion, says that the motion was based on the ground that the petitioner was an infant when the lien was executed, and, therefore, incapable of making such a contract. At the hearing it was admitted that the petitioner was a minor eighteen years of age.

The appellant's first and second exceptions are as follows: "I. Because it was admitted that the appellant was a minor below the age of eighteen years, and hence he was incapable of making the contract objected to. 2. That his Honor erred in refusing to vacate the lien warrant, in that it appeared that a minor had signed the same, which was so known to the lienee at the time." The Circuit Judge does not set forth in his order the reasons why he refused the motion. This Court must assume, until the contrary is made to appear, that he solved in favor of the respondent all questions of fact raised in the case that were necessary to sustain his conclusion. This Court has not the power to review the Circuit Judge's findings of fact in such a case as this. There are circumstances under which an infant can make a valid contract. Whether they existed in this case, depended upon the facts, and, as we have said, they cannot be reviewed by this Court. If, however, we had the power to pass upon the facts, we would sustain the conclusion of the Circuit Judge. There is another reason why these exceptions cannot be sustained. The question whether the infant could enter into such a contract involved the merits of the case, and could not be decided upon motion at chambers. *Williamson* v. *Association,* 54 S. C., 582. These exceptions are overruled.

The third exception is as follows: "3. His Honor erred in holding that the only ground for the motion was that the appellant was not of age; whereas, it is respectfully submitted, that there was an affidavit from the auditor of Barnwell County that the surety on the bond (to wit: N. G. W. Walker, otherwise named in the copy of the affidavit served as N. G. Walker) was notoriously insolvent, and like-

wise an affidavit of appellant, all of which his Honor refused to consider, stating that the copy affidavit of the auditor was fatally defective, in being signed N. G. instead of being signed N. G. W., and in refusing to pass upon the affidavit of the appellant, copy of which was properly verified." While, as we have said, the affidavit of the petitioner mentioned the insolvency of the surety on the bond, there is no statement in the record that this was one of the grounds upon which the motion was made to vacate the warrant. The Circuit Judge states as the only ground upon which the motion was made was that the petitioner by reason of infancy was incapable of entering into the said contract. The affidavit of the auditor contained the single statement that N. G. W. Walker does not return any property at all for taxation, and it is doubtful if it would have had any effect upon the Circuit Judge in arriving at his conclusion. This exception is overruled.

The last exception is as follows: "4. That his Honor erred in refusing to vacate the lien warrant, the same having been made upon all the papers filed with the magistrate, and no statement being there filed save what appears in the moving papers and the counter-affidavits thereto of W. W. Moore." The question raised by this exception was not one of the grounds of the motion, and consequently the Circuit Judge has not had an opportunity of ruling thereon. This Court cannot rule upon it in the first instance. This exception is also overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.